UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH KAMERER, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | NO. 4:15-CV-40146-TSH |
| v. ) | |
| ) | |
| UNUM LIFE INSURANCE COMPANY OF ) | |
| AMERICA; PROVIDENT LIFE AND ) | |
| ACCIDENT INSURANCE COMPANY; ) | |
| and UNUM GROUP ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO TAKE DISCOVERY
AND ADD TO THE ADMINISTRATIVE RECORD**
(Docket No. 73)

**May 4, 2017**

**HILLMAN, D.J.**

Plaintiff Judith Kamerer brings this action seeking damages and equitable relief after defendants Unum Life Insurance Company of America, Provident Life and Accident Insurance Company, and Unum Group terminated her long-term disability benefits under two employee disability plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Kamerer filed the present motion urging the court to permit her to conduct limited discovery to add to the administrative record on review. Specifically, Kamerer seeks:

(1) documents showing Unum's efforts to mitigate effects of structural conflicts

(2) documents for 3 key employees for 2014-2015 (expectations reports, performance reviews, etc.)

1

(3) documents explaining requirements of the 10/3/2005 amendment to Unum's Reassessment Agreement regarding whether or not to grant deference to the determination of the Attending Physician; and

(4) a 2-hour deposition of Unum's hired physician, Dr. Steven Hendler

Kamerer argues such evidence is necessary because of Unum's well-documented history of unfair claims practices, which led state and federal regulators to find Unum's claims processes to be institutionally biased, and resulted in Unum entering into a Regulatory Settlement Agreement ("RSA") in 2004. The RSA was amended in 2005 requiring the opinions of an attending physician ("AP") be given significant weight, as long as the AP was properly licensed, the opinion was based on accepted medical standards, and did not run contrary to other substantial evidence on the record. Kamerer alleges Unum did not grant the appropriate deference to her treating physicians when it decided her claim, instead giving disproportionate weight to the opinions of its hired examining physician and file reviewers, in violation of the RSA. Kamerer asserts that the requested discovery will produce evidence to allow the court to determine the credibility it should assign each consultant's report and the individuals involved in the claims determination process.

In reviewing a final ERISA administrative decision, "[t]he focus of the review…is…the administrator's decision and must ordinarily be based on the administrative record," however, "[t]here may be times when it is appropriate for courts to hear new evidence. *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519-20 (1st Cir. 2005). "Where the challenge is not to the merits of the decision to deny benefits, but to the procedure used to reach the decision, outside evidence may be of relevance." *Id.* at 520. However, the First Circuit has made clear that "some very good reason is needed to overcome the strong presumption that the record on review is limited

to the record before the administrator." *Liston v. Unum Corp. Officer's Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003). "This is true as to discovery as well, regardless of whether the standard of review is de novo or deferential." *Orndorf*, 404 F.3d at 520.

The Defendants argue that the reason advanced by Kamerer to expand the administrative record – Unum's history of institutional bias more than 10 years ago – is stale. Defendants cite several recent cases that show Unum has since adopted improved claims-handling practices to remedy their previous conflict of interest, and note that the decision to terminate Kamerer's disability benefits and the subsequent appeals occurred in 2013-2015. *See, e.g., Swanson v. Unum Life Ins. Co. of Am.*, 2015 WL 339313, at *8 (D. Kan. 2015); *Mercado v. First Unum Life Ins. Co.*, 2013 WL 633100, at *27 (S.D.N.Y. 2013); *Burton v. Unum Life Ins. Co. of Am.*, 2010 WL 2430767, at *11 (W.D.Tex. 2010).

This court will not "assume Unum is biased every time it denies a claim" simply because it employed unfair claims practices more than a decade ago, particularly in light of changes to claims processing it has since made. *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 514 (5th Cir. 2013) (quoting *Burton v. Unum Life Ins. Co.*, 2010 WL 2430767, at *10 (W.D.Tex. June 14, 2010); *Mercado*, 2013 WL 633100, at *27 (citing a January 6, 2009 letter from the Commissioners of Insurance for Maine, Massachusetts, Tennessee and New York, to an industry publication, noting "our most recent examination of [Unum] demonstrates that the types of systemic misconduct found to have occurred ... are no longer present.")). This is not to say Unum's unsavory past is not entitled to any weight. It most certainly is. But given the time that has passed and the new claims-processing practices adopted by Unum pursuant to the RSA, that history does not, *by itself*, amount to the "very good reason…needed to overcome the strong presumption that the record on review is limited to the record before the administrator." *Liston*, 330 F.3d at 23.

Apart from Unum's pre-2006 unfair practices, the only additional reasoning Kamerer provides for her requested document discovery are the circumstances surrounding her termination of benefits. Kamerer received disability benefits from the Defendants without issue for 10 years due to "a number of serious medical afflictions." Docket No. 74, p. 2. Unum terminated her benefits abruptly in 2014 because it claimed Kamerer could perform "sedentary" work. Kamerer successfully appealed this termination of benefits on the basis that both of her disability policies paid "own occupation" benefits, and that her last occupation was "light duty." Shortly thereafter, Unum terminated her benefits again, this time on the basis that Kamerer's disability was mental illness, and both plans limit benefits for mental illness to a maximum of 24-months. Kamerer claims that these sequential actions taken to terminate her benefits "raise[] significant questions regarding Unum's handling of [her] claim as a fiduciary," and that "Unum seemed fixated on finding any reason to terminate [her] claim." Docket No. 74, p.4.

The fact that Unum may have looked for reasons to terminate Kamerer's benefits is not evidence of bias or unfair claims processing. Seeking a reason to deny or terminate benefits is just the sort of behavior that would be rationally expected of an insurance carrier with a legitimate interest in limiting its costs to those required under its various policies. This also serves a legitimate public interest in minimizing fraud, and helps to ensure a fair and economical insurance marketplace in which overall costs (which are, after all, incurred by the insureds in the long run) are held down.

As stated above, for a plaintiff to reach outside the administrative record relating to the specific decision they must have a meaningful challenge to the "procedure used." *Orndorf*, 404 F.3d at 520. The Court does not see such a challenge to the adequacy of the procedure in the present discovery request, except on the narrow issue of Unum's use of a physician, Dr. Hendler,

who has "spoken publicly about how it is his job to assist employers and insurance companies to unmask insurance fraud." (Docket No. 74, p. 3). As Dr. Hendler has made comments that indicate he may favor insurers and employers, his deposition testimony would aid the court in determining his credibility, and the appropriate weight to be given to his opinions. Accordingly, this court allows Kamerer's request to take a 2-hour deposition of Dr. Hendler. The court denies Kamerer's motion to take discovery of (1) documents showing Unum's efforts to mitigate effects of structural conflicts, (2) documents for 3 key employees for 2014-2015 (expectations reports, performance reviews, etc.), and (3) documents explaining requirements of the 10/3/2005 amendment to Unum's Reassessment Agreement regarding whether or not to grant deference to the determination of the Attending Physician.

## Conclusion

For the reasons set forth above the plaintiff's motion (Docket No. 73) is ***granted-in-part and denied-in-part***. Plaintiff is permitted to take a 2-hour deposition of Dr. Steven Handler. All other requested discovery is denied.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**